STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BROOKING



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BROOKING

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BROOKING
2018 OK 8
411 P.3d 377
Case Number: SCBD-6496
Decided: 01/30/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 8, 411 P.3d 377

 

STATE OF OKLAHOMA, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
MEAGAN ELAINE BROOKING, Respondent.

RULE 6 DISCIPLINARY PROCEEDING

¶0 Complainant Bar Association initiated a disciplinary proceeding against Respondent Attorney for turning back the date on the court clerk's filing stamp to show timely filing of a pleading that was late. Following a hearing, a trial panel of the Professional Responsibility Tribunal recommended suspension for a period up to six months. Upon de novo review, this Court finds that Respondent is guilty of misconduct and the appropriate discipline is suspension for sixty days.

RESPONDENT SUSPENDED FROM THE PRACTICE OF LAW FOR SIXTY
DAYS AND ORDERED TO PAY COSTS.

Stephen L. Sullins, Assistant General Counsel, Oklahoma City, Oklahoma, for Complainant Oklahoma Bar Association,

Charles F. Alden, III, Oklahoma City, Oklahoma, for Respondent Attorney

REIF, J

¶1 The General Counsel of the Oklahoma Bar Association asks this Court to discipline attorney Meagan Elaine Brooking (Respondent), pursuant to Rule 6, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, Ch. 1, App. 1-A. The General Counsel asserts that discipline is warranted after finding merit to the grievance filed by the Associate District Judge in Pontotoc County. This grievance reported that Respondent turned back the date on the Court Clerk's filing stamp to show a pleading was filed on April 15, 2017, when Respondent had, in fact, submitted the pleading for filing on April 19, 2017.

¶2 In response, Respondent admitted that she turned back the filing stamp on this occasion and also assisted the General Counsel in identifying three other instances in which she may have turned back the Court Clerk's filing stamp. Following a hearing, a three member trial panel of the Professional Responsibility Tribunal determined that Respondent's admitted action on April 19,2017, constituted misconduct. The trial panel further concluded, however, that misconduct had not been established by clear and convincing evidence in the other three identified instances.

¶3 The General Counsel and counsel for Respondent proposed that Respondent receive a public reprimand. The trial panel rejected this proposal, observing "the intentional back-dating of official court documents [is] a serious offense deserving more than a public reprimand." The trial panel unanimously recommended that Respondent be suspended for up to six months, "[as] a deterrent to Respondent and to other members of the Bar who might consider such a course of action [to avoid late filing]."

¶4 Even though the recommendation of the trial panel is always helpful, this Court must independently determine appropriate discipline. This is so, because the regulation of licensure, ethics, and discipline of legal practitioners is a nondelegable, constitutional responsibility solely vested in this Court in the exercise of our exclusive jurisdiction. State ex rel. Oklahoma Bar Ass'n v. Taylor, 2000 OK 35, ¶4, 4 P.3d 1242, 1247. This Court must conduct a de novo review of the record to determine whether an attorney has engaged in misconduct and to assess the appropriate discipline for any misconduct that may have occurred . State ex rel. Oklahoma Bar Ass'n v. Garrett, 2005 OK 91, ¶3 127 P.3d 600, 602.

¶5 Upon de novo review, we conclude that Respondent engaged in misconduct on April 19, 2017, by turning back the date on the Court Clerk's filing stamp to show a pleading submitted that day, was filed on April, 15, 2017. Respondent concedes that this action violated Rule 1.1 (Competence),[1] Rule 1.3 (Diligence),[2] and 3.3 (Candor toward the Tribunal)[3] of the Rules of Professional Conduct, 5 O.S.2011, Ch. 1, App. 3-A.

¶6 Additionally, Respondent acted intentionally and with the purpose to deceive the court and the other party when she turned back the court clerk's filing stamp. Such conduct is the type of dishonesty, deceit and misrepresentation while engaged in the practice of law that is forbidden by Rule 8.4[4] of the Rules of Professional Conduct. Though she maintains she had no bad motive or evil intent, her wilful conduct is sufficient to support a violation of Rule 8.4.

¶7 We further find, as did the trial panel, that these violations constitute a "serious offense." In our opinion, suspension from the practice of law would provide appropriate discipline to deter such misconduct by Respondent and other members of the bar.

¶8 In determining the period of suspension, we have taken into account the following mitigating circumstances: (1) Respondent's cooperation with the General Counsel's investigation, (2) the absence of prior disciplinary action, (3) a good reputation in Pontotoc County as a skillful and honest attorney, (4) organizational changes in her law office to prevent missing future filing deadlines, (5) the absence of advantage to Respondent's clients by the turning back of the Court Clerk's filing stamp, and (6) the economic hardship suspension poses to Respondent as a single mother. Based on these mitigating factors, we impose a suspension for sixty days from the date of this opinion. Respondent is also ordered to pay the costs of this proceeding within sixty days of the date of this opinion.

RESPONDENT SUSPENDED FROM THE PRACTICE OF LAW FOR SIXTY
DAYS AND ORDERED TO PAY COSTS.

Combs, C.J., Gurich, V.C.J., Winchester, Edmondson, Colbert, Reif and Wyrick, JJ., concur;

Kauger, J., concurs in part; dissents in part

Kauger, J., concurring in part and dissenting in part
"I would suspend her for six months."

FOOTNOTES

[1] Rule 1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation."

[2] Rule 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] Rule 3.3 states::

"(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.
(4) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client.

(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

(c) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse."

[4] Rule 8.4 states:

" It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice;
(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or
(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2005 OK 91, 127 P.3d 600, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GARRETT
Discussed
 2000 OK 35, 4 P.3d 1242, 71 OBJ 1163, State ex. rel. Oklahoma Bar Assn. v. Taylor
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA